## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:

IN SOOK STERLING

Debtors.

Chapter 7

Case No. 19-10132-scc

---

STRATEGIC FUNDING SOURCE, INC.

Plaintiff,

v.

IN SOOK STERLING,

MTK 38 INC.,

and

JAY ENTERTAINMENT CORP.

Defendants.

Adversary Pro. No.  19-01111-scc

---

## MEMORANDUM OF LAW IN SUPPORT OF JAY ENTERTAINMENT MOTION TO DISMISS

**ARCHER & GREINER, P.C.**
630 Third Avenue, 7th Floor
New York, New York 10017
Tel.: (212) 682-4940
Fax:  (212) 682-4942
Email:  mhorn@archerlaw.com

Attorneys for Defendant, Jay Entertainment Corp

On the Brief:
Michael S. Horn, Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................................ 1

POINT I      THE CLAIMS AGAINST JAY ENTERTAINMENT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ............................................................................... 2

    A.    The Counts against Jay Entertainment Are Not "Core" Proceedings ........ 3

    B.    The Counts against Jay Entertainment Are Not "Related To" The Bankruptcy Case ....................................................................................... 4

POINT II     THIS COURT SHOULD ABSTAIN FROM HEARING THE COUNTS AGAINST JAY ENTERTAINMENT ...................................... 5

    A.    Jury Trial .................................................................................................... 6

POINT III    THE COMPLAINT FAILS TO STATE A CLAIM ................................ 7

    A.    Fraudulent Transfer ................................................................................... 8

    B.    Successor Liability ................................................................................... 11

    C.    Conversion .............................................................................................. 12

    D.    Punitive Damages ................................................................................... 12

    E.    Attorney's Fees. ...................................................................................... 14

CONCLUSION ................................................................................................................. 15

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)................................................................7

Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC,
    No. 07CV6665(HB), 2009 WL 1803458 (S.D.N.Y. June 23, 2009), *aff'd*, 402
    Fed. Appx. 623 (2d Cir. 2010)................................................10

Atlanta Shipping Corp. v. Chem. Bank,
    818 F.2d 240 (2d Cir. 1987)..................................................9

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
    493 F.3d 87 (2d Cir. 2007)...................................................10

Bd. of Governors v. MCorp Fin., Inc.,
    502 U.S. 32, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991). Bankruptcy ...........2

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)...........................................................7

BLT Rest. Grp. LLC v. Tourondel,
    855 F. Supp. 2d 4 (S.D.N.Y. 2012).........................................8

Capital Distrib. Servs., Ltd. v. Ducor Express Airlines, Inc.,
    440 F. Supp. 2d 195 (E.D.N.Y. 2006) .....................................10

Cargo Partner AG v. Albatrans, Inc.,
    352 F.3d 41 (2d Cir. 2003)...................................................11

Celotex Corp. v. Edwards,
    514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)....................4

Chambers v. Time Warner Inc. (In re Chambers),
    282 F.3d 147 (2d Cir. 2002)..................................................8

Colon v. Multi-Pak Corp.,
    477 F. Supp. 2d 620 (S.D.N.Y. 2007)......................................11

Denny v. Barber,
    576 F.2d 465 (2d Cir. 1978) (Friendly, J.).................................9

Diaz v. South Bend Lathe, Inc.,
    707 F. Supp. 97 (E.D.N.Y. 1989) ..........................................11

*In re Everfresh Beverages, Inc.*,
   238 B.R. 558 (Bankr. S.D.N.Y. 1999) ....................................................................9

*Germain v. Conn. Nat. Bank*,
   988 F.2d 1323 (2d Cir. 1993) ................................................................................7

*Goel v. Bunge, Ltd.*,
   No. 15–3023–cv, 2016 WL 1696597 (2d Cir. Apr. 28, 2016) ................................8

*Granfinanciera, S.A. v. Nordberg*,
   492 U.S. 33, 41 (1989) ..........................................................................................7

*Grant v. County of Erie*,
   542 Fed. Appx. 21 (2d Cir. 2013) ..........................................................................8

*Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*,
   172 B.R. 748 (S.D.N.Y. 1994) ...............................................................................4

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011) ..................................................................................7

*In re Laroche Industries, Inc.*,
   312 B.R. 249 (Bankr.D.Del. 2004) ........................................................................6

*Lobatto v. Berney*,
   1999 WL 672994 (S.D.N.Y. Aug. 26, 1999) ..........................................................9

*N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
   458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion) ...............2

*Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings, Ltd.*,
   85 F. Supp. 2d 282 (S.D.N.Y. 2000) ......................................................................9

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*,
   170 F.R.D. 361 (S.D.N.Y. 1997) ............................................................................8

*Pacor, Inc. v. Higgins*,
   743 F.2d 984 (3d Cir.1984) ...............................................................................4, 5

*Papasan v. Allain*,
   478 U.S. 265 (1986) ...............................................................................................7

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
   369 F. Supp. 2d 353 (E.D.N.Y. 2005) ....................................................................8

*Rothman v. Gregor*,
   220 F.3d 81 (2d Cir. 2000) ....................................................................................8

Sahu v. Union Carbide *Corp.*,
    548 F.3d 59 (2d Cir. 2008)..................................................................................8

Salomon v. Kaiser (In re Kaiser),
    722 F.2d 1574 (2d Cir. 1983).............................................................................10

Sharp Int'l Corp. v. State Street Bank & Trust Co.,
    403 F.3d 43 (2d Cir. 2005)...........................................................................9, 10

Shields v. Citytrust Bancorp, Inc.,
    25 F.3d 1124 (2d Cir. 1994).........................................................................9, 10

Sira v. Morton,
    380 F.3d 57 (2d Cir. 2004)..................................................................................8

Solow v. Stone,
    994 F. Supp. 173 (S.D.N.Y. 1998).....................................................................8

Tellabs, 551 U.S. at 324.....................................................................................10

Trans World Airlines, Inc. v. Karabu Corp.,
    196 B.R. 711 (Bankr.D.Del.1996) .....................................................................6

Walker v. City of New York,
    974 F.2d 293,298 (2d Cir. 1992)........................................................................7

White Metal Rolling & Stamping Corp., v. Drew Indus., Inc. (In re White Metal
Rolling & Stamping Corp.),
    222 B.R. 417 (Bankr. S.D.N.Y. 1998) ...............................................................9

**State Cases**

A.G. Ship Maintenance Corp v. Lezak,
    69 N.Y.2d 1 (1986) ...........................................................................................14

Catalogue Serv. of Westchester v Insurance Co. of North Amer.,
    74 A.D.2d 837 (2d Dep't 1980) ........................................................................13

City of New York v. Zuckerman,
    234 A.D.2d 160 (1st Dept. 1996)......................................................................14

Colavito v. N.Y. Organ Donor Network, Inc.,
    8 N.Y.3d 43 (2002) ...........................................................................................12

Cross v. Zyburo,
    185 A.D.2d 967 (2d Dep't 1992) ......................................................................13

Frankson v Brown & Williamson Tobacco Corp.,
    67 A.D.3d 213 (2d Dep't 2009*)* ......................................................................13

iv

Gerhart v. Borg-Warner Corp.,
    788 N.Y.S.2d 579 (Sup.Ct. Ontario Co. 2005) ....................................................11

Giblin v Murphy,
    73 NY2d 769 (1988) ............................................................................................14

Gordon v. Nationwide Mut. Ins. Co.,
    30 N.Y.2d 427 (1972) ..........................................................................................12

Green v. Potter,
    51 N.Y.2d 628 (1980) ..........................................................................................14

Hooper Associates, Ltd. v. AGS Computers, Inc.,
    74 N.Y.2d 487 (1989) ..........................................................................................14

J.G.S. Inc. v. Lifetime Cutlery Corp.,
    87 A.D.2d 810 (2d Dep't 1982) ...........................................................................13

Schumacher v. Richards Shear Co.,
    451 N.E.2d 195 (N.Y. 1983) ...............................................................................11

Stanisic v. Soho Landmark Associates,
    178 A.D.2d 268 (1st Dep't 1991) .........................................................................14

Stewart Tabori & Chang v. Stewart,
    282 A.D.2d 385 (1st Dep't 2001) .........................................................................14

Sweatland v. Park Corp.,
    587 N.Y.S.2d 54 (App. Div. 4th Dep't 1992).......................................................11

Trans-State Hay & Feed Corp. v. Faberge, Inc.,
    35 N.Y.2d 669 (1974) ..........................................................................................13

Walker v. Sheldon,
    10 N.Y.2d 401 (1961) .....................................................................................12, 13

Wall St. Assocs. v. Brodsky,
    684 N.Y.S.2d 244 (N.Y. App. Div. 1999) ............................................................10

Wolf v Rand,
    258 A.D.2d 401 (1st Dep't 1999) .........................................................................14

**Federal Statutes**

28 U.S.C. § 157(a) ........................................................................................................2

28 U.S.C. § 157(b)(1) ...................................................................................................3

28 U.S.C. §§ 157(b)(1) and 158(a), (c)........................................................................3

v

28 U.S.C. § 157(b)(2) ........................................................................................................3

28 U.S.C. § 157(c)(1).....................................................................................................3, 6

28 U.S.C. § 1331 ..............................................................................................................6

28 U.S.C. § 1332 ..............................................................................................................6

28 U.S.C. § 1334 ...........................................................................................................2, 5

28 U.S.C. §§ 1334 and 157 ...............................................................................................2

28 U.S.C. § 1334(a)-(b) ...................................................................................................2

28 U.S.C. § 1334(c) (1)...........................................................................................5, 6, 7

§ 548(a)(1)(A) of the Bankruptcy Code...........................................................................9

**Rules**

Bankruptcy Rule 7009 ......................................................................................................8

Fed. R. Civ. P. 9(b) .......................................................................................................8, 9

Rule 12(b)(6)....................................................................................................................7

**Constitutional Provisions**

Seventh Amendment ........................................................................................................6

## PRELIMINARY STATEMENT

Plaintiff brings an action against Jay Entertainment based upon state law claims that have no basis in fact or law.  As an initial matter, the claims brought by Plaintiff are not proper before this Court.  The claims are not part of the core claims for the bankruptcy proceeding and are not even related to the bankruptcy proceeding.  Therefore, those claims must be dismissed for lack of jurisdiction.

However, even if the court finds there is jurisdiction, the pleading, as to Jay Entertainment, does not contain any factual allegations that would subject Jay Entertainment to any liability. In fact, if Jay Entertainment were required to litigate this case, it would have a chilling effect on businesses since any legitimate business would fear successor liability merely by entering into a lease for a business. Surely, that is not the status of our law.  Indeed, the documents before this Court all indicate that Jay Entertainment is completely separate and does not have any of Plaintiff's money.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On April 8, 2019, Strategic Funding Source, Inc.  filed a complaint in the within adversarial proceeding against IN SOOK STERLING, MTK 38 INC. and JAY ENTERTAINMENT CORP. Plaintiff alleges that IN SOOK STERLING, MTK 38 INC. improperly took a loan from Strategic Funding Source, Inc.  Horn Dec. Exhibit 1. The complaint only alleges that Jay Entertainment Corp. d/b/a Japas NY leased the space located at 9 E. 38th Street, New York, New York 10016 ("Space") which is the same address as MTK 38, Inc., and that some assets were transferred to Jay Entertainment Corp. as a result of leasing the space.  Horn Dec.  Ex. 1 ¶¶ 37 – 40.

Jay Entertainment merely leased the Space after MTK 38, Inc. left the space.  Pursuant to the Surrender Notice, any items left by MTK 38, Inc. were considered "abandoned." Horn Dec. Exhibit 2 – 3.  Jay Entertainment is completely separate from MTK 38, Inc.;  it is a separate

1

company with Junggon Kim listed as the owner.  Horn Dec. Exs 4 – 6. Jay Entertainment has insurance, a grade inspection from the City of New York, a liquor license in its name, has advised customers that the restaurant was under new ownership, and has been receiving normal bills in its name.  Horn Dec. Exhibits 7 – 17.  In addition, Jay Entertainment has a website https://www.japasny.com/book-a-room which is a completely separate website from the one previously used by MTK 38, Inc. Horn Dec. Exhibit 18.

POINT I

### THE CLAIMS AGAINST JAY ENTERTAINMENT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Bankruptcy Courts can only act in proceedings within their jurisdiction. Congress has vested "limited authority" in Bankruptcy Courts. Bd. of Governors v. MCorp Fin., Inc., 502 U.S. 32, 40, 112 S.Ct. 459, 116 L.Ed.2d 358 (1991).  Bankruptcy Courts fall outside of the constitutional authority of Article III and derive their authority from federal statutes, and specifically 28 U.S.C. §§ 1334 and 157.  See, N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 60-87, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion).

28 U.S.C. § 1334 grants jurisdiction over bankruptcy cases and proceedings to the district court: the district courts "shall have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(a)-(b).  Procedurally, a district court may refer all cases and proceedings that fall within this section to the Bankruptcy Court.  28 U.S.C. § 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a).

2

Congress vested the Bankruptcy Courts with full adjudicative power with regard to "core" proceedings, subject to appellate review by the district courts. 28 U.S.C. §§ 157(b)(1) and 158(a), (c). At the same time, it provided that, for "non-core" proceedings that are otherwise related to a case under title 11, the Bankruptcy Court "shall submit proposed findings of fact and conclusions of law to the district court" subject to de novo review by that court. 28 U.S.C. § 157(c)(1).

In a multi-claim proceeding, the various claims may have different jurisdictional foundations. Some may be core, some may be non-core and some may be unrelated to the bankruptcy case. Each claim must be analyzed separately. Here, while certain counts may be "core" or non-core "related to" proceedings, the Counts against Jay Entertainment are not. Specifically, the claims against Jay Entertainment are claims that are completely separate from this proceeding. Indeed, the Plaintiff claims that Jay Entertainment somehow received its funds without sufficient factual allegations. This is not an issue that is subject to this Court's jurisdiction.

## A.   The Counts against Jay Entertainment Are Not "Core" Proceedings

28 U.S.C. § 157(b)(1) provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(2) provides a non-exhaustive list of examples of core proceedings.[1] A cursory review of subsections (A) through (O) of Section

---

[1]The full list of examples of core proceedings under 28 U.S.C. § 157(b)(2) are as follows:

(A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11; (C) counterclaims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmations of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and ( O) other

3

157(b)(2) reveals that none of those subsections are applicable to the claims asserted against Jay Entertainment.  In fact, there is no category that would permit this Court to entertain a simple dispute over whether an entity that did not borrow money is responsible for a completely separate entities debt merely because it entered into a separate lease for the same space.

Plaintiff's pleading is deficient.  Plaintiff  cannot simply use labels in a pleading to find jurisdiction. See Hassett v. BancOhio Nat'l Bank (In re CIS Corp.), 172 B.R. 748, 756 (S.D.N.Y. 1994) ("In making my [core/non-core] determination, I will look beyond the labels to the substance of the action in order to discover whether it can be fairly said to arise under the bankruptcy code and falls within the Bankruptcy Court's core jurisdiction.").

### B.    The Counts against Jay Entertainment Are Not "Related To" The Bankruptcy Case

Since the claims asserted against Jay Entertainment are not  "core" proceedings, subject matter jurisdiction exists, if at all, only if such claims are "related to" the bankruptcy case.  The almost universally accepted test developed by the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984), for determining whether a matter is "related to" a bankruptcy proceeding is "if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  743 F.2d at 994.

Despite the expansive language of Pacor, the Supreme Court has warned that a Bankruptcy Court's "related to" jurisdiction is not "limitless."  Celotex Corp. v. Edwards, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).  "[T]he mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring

---

proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

4

the matter within the scope of section 1471(b).Judicial economy itself does not justify federal jurisdiction." Pacor, 743 F.2d at 994.

Here, this matter is not "related" to the bankruptcy case. If merely renting the space formerly occupied by the debtor were sufficient to create jurisdiction, the Court's jurisdiction would be limitless.

## POINT II

## THIS COURT SHOULD ABSTAIN FROM HEARING THE COUNTS AGAINST JAY ENTERTAINMENT

Even assuming, *arguendo*, that this Court had "related to" jurisdiction over the JB Counts, it is respectfully submitted that this Court should, nevertheless, abstain from hearing the JB Counts under the permissive abstention provisions of Section 1334(c)(1). That statute provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Courts have identified the following twelve non-exhaustive factors relevant to discretionary abstention, (1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-Bankruptcy Court; (5) the jurisdictional basis, if any, other than Section 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the Bankruptcy Court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in Bankruptcy Court involves forum

5

shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of

non-debtor parties.  In re Laroche Industries, Inc., 312 B.R. 249 (Bankr.D.Del. 2004) (citations

omitted); "Evaluating the[se] twelve factors is not a mathematical formula." Trans World Airlines,

Inc. v. Karabu Corp., 196 B.R. 711, 715 (Bankr.D.Del.1996).

Here, these factors favor permissive abstention by this Court.  There is no reason for this

Court to litigate the issues outlined in the complaint as they relate to Jay Entertainment.  Indeed,

permitting the Plaintiff to proceed with this case would merely be a misuse to precious judicial

resources.  In addition, there is no independent basis for jurisdiction over the Counts against Jay

Entertainment.  There is no federal question jurisdiction under 28 U.S.C. § 1331, and no complete

diversity between the parties for jurisdiction under 28 U.S.C. § 1332.  The only relationship

between the Counts against Jay Entertainment and the bankruptcy case is that the Debtor was a

prior tenant at the Restaurant.

Furthermore, since the claims contained in Counts against Jay Entertainment are non-core,

this Court can only "submit proposed findings of fact and conclusions of law to the district court"

subject to de novo review by the district court.  28 U.S.C. § 157(c)(1).  It is respectfully submitted

that this two-step process would be an inefficient use of judicial resources, where the New York

Supreme Court is able to actually make those findings of fact and conclusions of law.

This is an ideal case for permissive abstention.  Accordingly, it is respectfully requested

that, in the event that this Court believes it has subject matter jurisdiction, this Court should,

nevertheless, exercise its discretion under Section 1334(c)(1) and dismiss the counts against Jay

Entertainment.

### A.    Jury Trial

Jay Entertainment has a right to a jury trial with respect to the claims asserted against it.

The Seventh Amendment preserves the right to a jury trial for many suits brought in Bankruptcy

6

Court. See, e.g., Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989); Germain v. Conn. Nat.

Bank, 988 F.2d 1323, 1328 (2d Cir. 1993).  Here, the matter should be subject to a jury trial in

New York Supreme Court in light of the lack of jurisdiction.  This supports permissive abstention

under 28 U.S.C. § 1334(c) (1).

### POINT III

### THE COMPLAINT FAILS TO STATE A CLAIM

In considering a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6),

a court must accept as true all material facts alleged in the complaint and draw all reasonable

inferences in favor of the plaintiff. See Walker v. City of New York, 974 F.2d 293,298 (2d Cir.

1992). However, it is "not bound to accept as true a legal conclusion couched as a factual

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Moreover, "[t]hreadbare recitals of the

elements of a cause of action supported by conclusory statements" do not constitute sufficient

factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).

"The plausibility standard is not akin to a probability requirement, but it asks for more than

a sheer possibility that a defendant has acted unlawfully . . . . Where a complaint pleads facts that

are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted)

(quoting Twombly, 550 U.S. at 557). "Plausibility thus depends on a host of considerations: the

full factual picture presented by the complaint, the particular cause of action and its elements, and

the existence of alternative explanations so obvious that they render plaintiff's inferences

unreasonable." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011) (citing Iqbal,

7

556 U.S. at 547-82). Accordingly, courts are "'not required to draw unreasonable inferences or to credit legal conclusion at odds with the plaintiff's own factual allegations.'" See BLT Rest. Grp. LLC v. Tourondel, 855 F. Supp. 2d 4, 15 (S.D.N.Y. 2012) (quoting Solow v. Stone, 994 F. Supp. 173, 181 (S.D.N.Y. 1998); see also Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 359 (E.D.N.Y. 2005) (holding the court was not "obligated to draw unreasonable inferences in plaintiffs' favor.") (citing Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 376 (S.D.N.Y. 1997).

When considering a motion to dismiss, a court also may consider documents attached to or incorporated into a complaint by reference, documents that are integral to the complaint and relied upon in it, and facts of which judicial notice may be taken. See Grant v. County of Erie, 542 Fed. Appx. 21, 23 (2d Cir. 2013) (citing Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., No. 15–3023–cv, 2016 WL 1696597, at *3 (2d Cir. Apr. 28, 2016) (quoting Chambers v. Time Warner Inc., (In re Chambers), 282 F.3d 147, 153 (2d Cir. 2002)). However, "[l]imited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004); accord Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008).

Here, even a cursory review of the pleading leads the Court to only one conclusion, namely, that there is no cognizable claim against Jay Entertainment.

## A.    Fraudulent Transfer

Fed. R. Civ. P. 9(b), made applicable to this adversary proceeding by Bankruptcy Rule 7009, provides that "in all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity." "The purpose of Rule 9(b) is to protect the defending

216407465v1

party's reputation, to discourage meritless accusations, and to provide detailed notice of fraud claims to defending parties." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). To pass muster under Rule 9(b) "a complaint must allege with some specificity the acts constituting fraud . . . conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings, Ltd., 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000), quoting Lobatto v. Berney, 1999 WL 672994, at *9 (S.D.N.Y. Aug. 26, 1999); White Metal Rolling & Stamping Corp., v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.), 222 B.R. 417, 428 (Bankr. S.D.N.Y. 1998).

Rule 9(b) is applicable to claims under § 548(a)(1)(A) of the Bankruptcy Code, as well as to State law claims of intentional fraudulent conveyance under § 276 of the DCL. Sharp Int'l Corp. v. State Street Bank & Trust Co., 403 F.3d 43, 55 (2d Cir. 2005); Atlanta Shipping Corp. v. Chem. Bank, 818 F.2d 240, 251 (2d Cir. 1987); In re Everfresh Beverages, Inc., 238 B.R. 558, 581 (Bankr. S.D.N.Y. 1999).

A claim to avoid an intentional fraudulent transfer or conveyance must satisfy the pleading requirements of Federal Civil Rule 9(b) and plead the claim with particularity. Sharp Int'l Corp. v. State St. Bank & Trust Co. (In re Sharp Int'l Corp.), 403 F.3d 43, 56 (2d Cir. 2005); Atlanta Shipping Corp., Inc. v. Chem. Bank, 818 F.2d 240, 251 (2d Cir. 1987); Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.), 222 B.R. 417, 428 (Bankr. S.D.N.Y. 1998). Although scienter may be pleaded generally, the pleader must "allege facts that give rise to a strong inference of fraudulent intent." Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).11 The "strong inference" requirement is appropriate to ward off allegations of "fraud by hindsight." See, e.g., Shields, 25 F.3d at 1129 (quoting Denny v. Barber, 576 F.2d 465, 470 (2d Cir. 1978) (Friendly, J.)). A strong inference of fraudulent intent may be established "either (a) by

9

alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Id. at 1128; accord ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007). To qualify as "strong," "the inference of scienter must be more than merely 'reasonable' or 'permissible' — it must be cogent and compelling, thus strong in light of the other explanations." Tellabs, 551 U.S. at 324. The court must consider the inferences urged by the plaintiff and the competing inferences rationally drawn from the facts alleged. Id. "A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Id.

Courts have recognized that there are "circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent." Capital Distrib. Servs., Ltd. v. Ducor Express Airlines, Inc., 440 F. Supp. 2d 195, 204 (E.D.N.Y. 2006); accord Sharp Int'l, 403 F.3d at 56; Atateks Foreign Trade Ltd. v. Private Label Sourcing, LLC, No. 07CV6665(HB), 2009 WL 1803458, at *20 (S.D.N.Y. June 23, 2009), aff'd, 402 Fed. Appx. 623 (2d Cir. 2010). These include:

> (1) the lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of the events and transactions under inquiry.

Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1582-83 (2d Cir. 1983); accord Wall St. Assocs. v. Brodsky, 684 N.Y.S.2d 244, 248 (N.Y. App. Div. 1999).

Here, there is no particularity in the pleading.  The complaint only alleges that Jay Entertainment Corp. leased the Space which is the same address as MTK 38, Inc. and that some

assets were transferred to Jay Entertainment Corp. as a result of leasing the space. Horn Dec. Ex. 1 ¶¶ 37 – 40. The other allegations are boilerplate with no basis in fact or law. Indeed, Jay Entertainment is a separate entity from the debtor. There are no factual allegations that even suggest that anything was even transferred from the debtor to Jay Entertainment. As such, the claims must fail.

### B.    Successor Liability

In general, under New York common law, a business entity's acquisition of assets from another, results in no successor liability, with four exceptions: (1) the successor corporation expressly or impliedly assumed the liabilities of its predecessor; (2) there was a consolidation or de facto merger of the two business entities; (3) the successor is a "mere continuation" of the predecessor; or (4) the transaction is entered into fraudulently to escape such obligations. Schumacher v. Richards Shear Co., 451 N.E.2d 195, 198 (N.Y. 1983). The general rule and the four acknowledged exceptions apply equally to tort and contract cases. Colon v. Multi-Pak Corp., 477 F. Supp. 2d 620, 626 (S.D.N.Y. 2007) (citing Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 45 (2d Cir. 2003)).

Even if there was a sale, which were was not, there still would not be successor liability. See Diaz v. South Bend Lathe, Inc., 707 F. Supp. 97 (E.D.N.Y. 1989), Sweatland v. Park Corp., 587 N.Y.S.2d 54 (App. Div. 4th Dep't 1992), and Gerhart v. Borg-Warner Corp., 788 N.Y.S.2d 579 (Sup.Ct. Ontario Co. 2005). In addition, in Colon, the Court dismissed a claim of successor liability on the basis that the plaintiff had not produced evidence that the defendant was a mere continuation of the predecessor corporation, as the predecessor corporation continued to exist for nearly five years after the execution of an asset purchase agreement *and,* unlike in the case at bar, plaintiff did not produce evidence indicating continuity of ownership. Colon, 2007 U.S. Dist. LEXIS 19748, at *15.

216407465v1

There can be no successor liabilities merely because Jay Entertainment leased a space previous leased by MTK 38, Inc. Horn Dec. Ex. 1 ¶¶ 37 – 40. In addition, Jay Entertainment is completely separate from MTK 38, Inc. it is a separate company with Junggon Kim listed as the owner. Horn Dec. Exhibits 4 – 6. Jay Entertainment has insurance, a grade inspection from the City of New York, a liquor license in its name and advised customers that the restaurant was under new ownership and has been receiving normal bills in its name. Horn Dec. Exhibits 7 – 17. In addition, Jay Entertainment has a website https://www.japasny.com/book-a-room which is a completely separate website from the one previously used by MTK 38, Inc. Horn Dec. Exhibit 18. As such, there cannot be successor liability in this case.

### C.    Conversion

"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." Colavito v. N.Y. Organ Donor Network, Inc., 8 N.Y.3d 43, 50-51 (2002). The "[t]wo key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." Id. at 51 (internal citations omitted). Plaintiff fails to satisfy either element.

Here, there cannot be conversion since there were no assets that were converted. The pleading does not identify specific assets which were improperly taken by Jay Entertainment. In fact, at issue is money that was lent to MTK 38, Inc. This cannot support a claim for conversion.

### D.    Punitive Damages

To recover punitive damages in an action for fraud, it must appear that the fraud was upon the general public, that is, aimed at the public generally, is gross, and involves a high degree of moral culpability. See Walker v. Sheldon, 10 NY2d 401, 405 (1961); Gordon v. Nationwide Mut. Ins. Co., 30 N.Y.2d 427, 436–37 (1972) (bad faith requires an extraordinary showing of a

disingenuous or dishonest failure to carry out a contract.); *Cross v. Zyburo*, 185 A.D.2d 967, 968 (2d Dep't 1992) (noting that breaching a contract – willfully and without justification – is not enough (quoting *J.G.S., Inc. v. Lifetime Cutlery Corp.*, 87 A.D.2d 810, 810 (2d Dep't 1982))); *Trans-State Hay & Feed Corp. v. Faberge, Inc.*, 35 N.Y.2d 669, 669–70 (1974).

There may be a recovery of exemplary damages in fraud and deceit actions where the fraud, aimed at the public generally, is gross and involves high moral culpability in fraud and deceit case where the defendant's conduct evinced a high degree of moral turpitude and demonstrated such wanton dishonesty as to imply a criminal indifference to civil obligations. *Walker v. Sheldon*, 10 N.Y.2d 401 (1961). The court has identified three guideposts for determining whether a punitive damages award is so grossly excessive that it violates due process. These guideposts are: (1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *Frankson v Brown & Williamson Tobacco Corp.*, 67 A.D.3d 213 (2d Dep't 2009*); J.G.S. Inc. v. Lifetime Cutlery Corp.*, 87 A.D.2d 810, 810 (2d Dep't 1982) ("Punitive damages are recoverable in fraud and deceit cases when[:] (a) the fraud is gross, involves high moral culpability and is aimed at the public generally[;] or (b) the defendant's conduct evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations."). In short, allegations of breach of a private agreement, even a breach committed willfully and without justification, do not establish such willful fraud or other morally culpable behavior to a degree sufficient to justify recovery of punitive damages. *Catalogue Serv. of Westchester v Insurance Co. of North Amer.*, 74 A.D.2d 837 (2d Dep't 1980).

13

While the requirement for an award of punitive damages, that a defendant's conduct must be directed at the public generally applies only in breach of contract cases, not in tort cases for breach of fiduciary duty. *See Giblin v Murphy*, 73 NY2d 769, 772 (1988); *Wolf v Rand*, 258 A.D.2d 401, 404 (1st Dep't 1999).

Here, punitive damages are grossly inappropriate. . Plaintiff is improperly seeking punitive damages. Therefore the request for such damages must be dismissed.

### E.    Attorney's Fees.

It is well-settled law in the State of New York that "[u]nder the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule." *A.G. Ship Maintenance Corp v. Lezak*, 69 N.Y.2d 1 (1986); *Hooper Associates, Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487 (1989). This rule is sometimes referred to as the "American Rule" on attorneys' fees. In the absence of statutory authority counsel fees "are merely incidents of litigation and thus are not compensable." *Green v. Potter*, 51 N.Y.2d 628 (1980), and cases cited therein.

"An award of attorneys' fees as a direct remedy must be based on contract or statute." *City of New York v. Zuckerman*, 234 A.D.2d 160 (1st Dept. 1996). "[In the event that attorney's fees and costs are not authorized by statute or court rule, the trial court is without authority to impose such attorneys' fees and costs. *Stanisic v. Soho Landmark Associates*, 178 A.D.2d 268 (1st Dep't 1991). In fact, an award of fees, where not authorized by contract or statute, is contrary to New York law. *Stewart Tabori & Chang v. Stewart*, 282 A.D.2d 385 (1st Dep't 2001).

There is no agreement between the Plaintiff and Jay Entertainment that would give Plaintiff the ability to recover attorneys' fees in this matter. There is nothing before this Court to suggest

that it would be appropriate to shift any of the fees to Jay Entertainment even if all the allegations in the Complaint are found true. Therefore the request for attorneys' fees must be dismissed.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court dismiss Jay Entertainment from the case, and grant such other and further relief as is just and equitable.

ARCHER & GREINER
A Professional Corporation
Attorneys for Jay Entertainment


By:/s/ Michael S. Horn
Michael S. Horn

Dated: May 9, 2019

15