**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 7 |
| IN SOOK STERLING, | Case No. 19-10132-SCC |
| Debtor. | |
| STRATEGIC FUNDING SOURCE, INC., | |
| Plaintiff, | Adversary Pro. No. 19-01111-SCC |
| v. | **ANSWER OF DEFENDANT, JAY ENTERTAINMENT CORP. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| IN SOOK STERLING; MTK 38, INC.; and JAY ENTERTAINMENT CORP., 9 EAST 38th STREET REALTY, LLC | |
| Defendants. | |

Defendant, Jay Entertainment Corp. ("Jay Entertainment"), by way of Answer to the First

Amended Complaint of Plaintiff, Strategic Funding Source, Inc. ("Plaintiff"), filed herein says:

## I.   <u>JURISDICTION AND VENUE</u>

1.      Jay Entertainment admits only that the court has issued a ruling that the within

matter is properly within the jurisdiction of this Court.

2.      Jay Entertainment admits only that the court has issued a ruling that the within

matter is properly within the jurisdiction of this Court.

3.      Jay Entertainment admits only that the court has issued a ruling that the within

matter is properly within the jurisdiction of this Court.

4.      Jay Entertainment admits only that the court has issued a ruling that the within

matter is properly within the jurisdiction of this Court.

5. Jay Entertainment admits only that the court has issued a ruling that the within matter is properly within the jurisdiction of this Court.

6. Jay Entertainment admits only that the court has issued a ruling that the within matter is properly within the jurisdiction of this Court.

## II. THE PARTIES

7. Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 7 of the Amended Complaint and leaves Plaintiff to its proof.

8. Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 8 of the Amended Complaint and leaves Plaintiff to its proof.

9. Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 9 of the Amended Complaint and leaves Plaintiff to its proof.

10. Jay Entertainment admits only that it is a New York corporation with a place of business at 9 East 38th Street, New York New York in response to the allegations set forth in paragraph 10 of the Amended Complaint.

11. Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint and leaves Plaintiff to its proof.

12. Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 12 of the Amended Complaint and leaves Plaintiff to its proof.

13. Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 13 of the Amended Complaint and leaves Plaintiff to its proof

## III. GENERAL ALLEGATIONS

14. Jay Entertainment admits the allegations contained in paragraph 14 of the Amended Complaint.

15.     Jay Entertainment admits only that an Official Form 309A appears to have been filed which speak for itself in response to the allegations contained in paragraph 15 of the Amended Complaint.

16.     Jay Entertainment admits only that the Court has issued an Order denying the motion to dismiss.

## IV.     SPECIFIC FACTUAL ALLEGATIONS

17.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 17 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

18.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 18 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

### The Pre-Funding Call

19.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 19 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

### The Agreement

20.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 20 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

21.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 21 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

22.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 22 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

23.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 23 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

24.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 24 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

25.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 25 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

26.     Jay Entertainment has no knowledge to admit or deny the allegations regarding the actions of MTK contained in paragraph 26 of the Amended Complaint and leaves Plaintiff to its proof. The remainder of the paragraph is denied.

27.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 27 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied

## Debtor's Immediate Breach

28.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 28 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

29.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 29 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

30.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 30 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

31.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 31 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

32.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 32 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

33.     Jay Entertainment admits only that Japas 38 no longer operated a business at  9 E. 38th Street, New York, New York.  As to the remainder of the allegations, has no knowledge to admit or deny the allegations contained in paragraph 33 of the Amended Complaint and leaves Plaintiff to its proof.

34.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 34 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

35.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 35 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

36.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 36 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

37.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 37 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

38.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 38 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied

39.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 39 of the Amended Complaint and leaves Plaintiff to its proof. To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied

40.     Jay Entertainment denies the allegations set forth in paragraph 40 of the Amended Complaint.

41.     Jay Entertainment admits only that it operates with a liquor license.  Jay Entertainment denies the remainder of the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Jay Entertainment admits only that it has an online presence.  Jay Entertainment denies the remainder of the allegations set forth in paragraph 42 of the Amended Complaint.

43.     Jay Entertainment admits only that MTK is no longer operating a business at the location.  The remainder of the allegations in paragraph 43 of the Amended Complaint are denied.

44.     Jay Entertainment admits only that it operates it business at a space previously leased by MTK.  The remainder of the allegations in paragraph 44 of the Amended Complaint are denied

45.     Jay Entertainment has no knowledge to admit or deny the allegations contained in paragraph 45 of the Complaint and leaves Plaintiff to its proof.  To the extent that this paragraph alleges any conduct of Jay Entertainment, those allegations are denied.

46.     Jay Entertainment denies the allegations contained in paragraph 46 of the Amended Complaint.


## PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS

### COUNT I
**(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) False Pretenses, False Representations, Actual Fraud)**

47.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in above paragraphs of the Amended Complaint as if fully set forth herein.

48.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 48 of the Complaint.

49.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 49 of the Complaint.

50.     This paragraph contains a legal conclusion which does not require a response.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 50 of the Complaint.

51.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 51 of the Complaint.

52.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 52 of the Complaint.

53.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 53 of the Complaint.

54.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 54 of the Complaint.

55.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 55 of the Complaint.

56.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 56 of the Complaint.

57.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 57 of the Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## COUNT II
### (Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(B)
### Materially False Statement with Intent to Deceive)

58.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above of the Amended Complaint as if fully set forth herein.

59.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     This paragraph this contains a legal conclusions which does not require a response. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 60 of the Amended Complaint.

61.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 61 of the Amended Complaint.

62.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 62 of the Amended Complaint.

63.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 63 of the Amended Complaint.

64.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 64 of the Amended Complaint.

65.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 65 of the Complaint.

66.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 66 of the Amended Complaint.

67.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 67 of the Amended Complaint.

68.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 68 of the Amended Complaint.

69.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 69 of the Amended Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## COUNT III
### (Non-dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(4)

**Fraud or Defalcation While Acting in a Fiduciary Capacity, Embezzlement, or Larceny)**

70.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above paragraphs of the Amended Complaint as if fully set forth herein.

71.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 71 of the Amended Complaint.

72.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 72 of the Amended Complaint.

73.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 73 of the Amended Complaint.

74.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 74 of the Amended Complaint.

75.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 75 of the Amended Complaint.

76.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 76 of the Amended Complaint.

77. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 77 of the Amended Complaint.

78. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 78 of the Amended Complaint.

79. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 79 of the Amended Complaint.

80. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 80 of the Amended Complaint.

81. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 81 of the Amended Complaint.

82. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 82 of the Amended Complaint.

83. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 83 of the Amended Complaint.

84.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 84 of the Amended Complaint.

85.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 85 of the Amended Complaint.

86.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 86 of the Amended Complaint.

87.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 87 of the Amended Complaint.

88.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 88 of the Amended Complaint.

89.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 89 of the Amended Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

<u>**COUNT IV**</u>
**(Non-dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6)**
**Willful and Malicious Injury by the Debtor)**

90.    Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in above paragraph of the Amended Complaint as if fully set forth herein.

91.    This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 91 of the Amended Complaint.

92.    This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 92 of the Amended Complaint.

93.    This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 93 of the Amended Complaint.

94.    This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 94 of the Amended Complaint.

95.    This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 95 of the Amended Complaint.

96.    This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 96 of the Amended Complaint.

97.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 97 of the Amended Complaint.

98.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 98 of the Amended Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## COUNT V
### (Conversion Against Debtor, Japas 38, Japas NY, and Defendant John Doe)

99.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above paragraphs of the Amended Complaint as if fully set forth herein.

100.    Jay Entertainment denies the allegations contained in paragraph 100 of the Amended Complaint.

101.    Jay Entertainment denies the allegations contained in paragraph 101 of the Amended Complaint.

102.    Jay Entertainment denies the allegations contained in paragraph 102 of the Amended Complaint.

103.    Jay Entertainment denies the allegations contained in paragraph 103 of the Amended Complaint.

104.    Jay Entertainment denies the allegations contained in paragraph 104 of the Amended Complaint.

105.     Jay Entertainment denies the allegations contained in paragraph 105 of the Amended Complaint.

106.     Jay Entertainment denies the allegations contained in paragraph 106 of the Amended Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.


## COUNT VI
### (Fraud Against Debtor and Japas 38)

107.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above paragraphs of the Amended Complaint as if fully set forth herein.

108.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 108 of the Amended Complaint.

109.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 109 of the Amended Complaint.

110.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 110 of the Amended Complaint.

111.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 111 of the Amended Complaint.

112. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 112 of the Amended Complaint.

113. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 113 of the Amended Complaint.

114. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 114 of the Amended Complaint.

115. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 115 of the Amended Complaint.

116. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 116 of the Amended Complaint.

117. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 117 of the Amended Complaint.

118. This paragraph is not directed at Jay Entertainment and therefore a response is not necessary. However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 118 of the Amended Complaint.

119.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 119 of the Amended Complaint.

120.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 120 of the Amended Complaint.

121.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 121 of the Amended Complaint.

122.     This paragraph is not directed at Jay Entertainment and therefore a response is not necessary.  However, to the extent that this paragraph is directed at Jay Entertainment, it denies the allegations contained in paragraph 122 of the Amended Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## COUNT VII
### (Fraudulent Transfer Against Debtor, Japas 38, Japas NY, and Defendant John Doe)

123.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above paragraphs of the Amended Complaint as if fully set forth herein.

124.     Jay Entertainment denies the allegations contained in paragraph 124 of the Amended Complaint.

125.     This paragraph improperly contains a legal conclusion for which a response is not required.  To the extent that any factual allegations are directed at Jay Entertainment in paragraph 125 of the Amended Complaint, those allegations are denied.

126.     Jay Entertainment denies the allegations contained in paragraph 126 of the Amended Complaint.

127.     Jay Entertainment denies the allegations contained in paragraph 127 of the Amended Complaint.

128.     Jay Entertainment denies the allegations contained in paragraph 128 of the Amended Complaint.

129.     Jay Entertainment denies the allegations contained in paragraph 129 of the Amended Complaint.

130.     Jay Entertainment denies the allegations contained in paragraph 130 of the Amended Complaint.

131.     Jay Entertainment denies the allegations contained in paragraph 131 of the Amended Complaint.

132.     Jay Entertainment denies the allegations contained in paragraph 132 of the Amended Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.


<u>**COUNT VIII**</u>
**(Successor Liability against Japas NY)**

133.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above paragraphs of the Amended Complaint as if fully set forth herein.

134.     Jay Entertainment denies the allegations contained in paragraph 134 of the Complaint.

135.     Jay Entertainment admits only that Japas 38 was a prior tenant in a space that it leased.  The remainder of the allegations in paragraph 135 of the Complaint are denied.

136.     Jay Entertainment admits only that it leases space that was previously leased by Japas 38.  The remainder of the allegations in paragraph 136 of the Complaint are denied.

137.     Jay Entertainment denies the allegations contained in paragraph 134 of the Complaint.

138.     Jay Entertainment denies the allegations contained in paragraph 138 of the Complaint.

139.     Jay Entertainment denies the allegations contained in paragraph 139 of the Complaint.

140.     Jay Entertainment denies the allegations contained in paragraph 140 of the Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## COUNT IX
**(Replevin Against MTK, Jay Entertainment, the Landlord and John Doe)**

141.     Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above paragraphs of the Amended Complaint as if fully set forth herein.

142.     Jay Entertainment denies the allegations contained in paragraph 142 of the Amended Complaint.

143.     Jay Entertainment denies the allegations contained in paragraph 143 of the Amended Complaint.

144.     Jay Entertainment denies the allegations contained in paragraph 144 of the Amended Complaint

145.     Jay Entertainment denies the allegations contained in paragraph 145 of the Amended Complaint

146.     Jay Entertainment denies the allegations contained in paragraph 146 of the Amended Complaint

147.     This paragraph contains a legal conclusion which does not require a response.  To the extent that the paragraph seeks any factual allegations against Jay Entertainment, those allegations are denied.

148.     Jay Entertainment denies the allegations contained in paragraph 148 of the Amended Complaint.

149.     Jay Entertainment denies the allegations contained in paragraph 149 of the Amended Complaint.

150.     Jay Entertainment denies the allegations contained in paragraph 150 of the Amended Complaint.

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## COUNT X
### (Unjust Enrichment against Jay Entertainment and the Landlord and Imposition of Constructive Trust)

151.	Jay Entertainment repeats and repeats and reaffirms its answers to the allegations contained in the above paragraphs of the Amended Complaint as if fully set forth herein.

152.	Jay Entertainment admits only that it leased the space formerly leased by the debtor. The remainder of the allegations contained in paragraph 152 of the Amended Complaint are denied.

153.	Jay Entertainment denies the allegations contained in paragraph 153 of the Amended Complaint.

154.	Jay Entertainment denies the allegations contained in paragraph 154 of the Amended Complaint

155.	Jay Entertainment denies the allegations contained in paragraph 155 of the Amended Complaint

156.	Jay Entertainment denies the allegations contained in paragraph 156 of the Amended Complaint

**WHEREFORE**, Jay Entertainment demands dismissal of the Amended Complaint along with attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## GENERAL DENIAL

To the extent that any paragraph or factual allegations are found to be not responded to above, that paragraph and/or the factual allegations are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSES

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSES

Plaintiff's Complaint fails to plead full with particularity any basis for any liability as to Jay Entertainment and/or fails to set forth sufficient factual allegations to assert claims based upon fraud and/or fails to have the specificity as required by Rules 7008 and 7009 of the Federal Rules of Bankruptcy Procedure.

## THIRD SEPARATE DEFENSE

The UCC filed by Plaintiff did not provide sufficient notice to Jay Entertainment and did not list collateral with any level of specificity.

## FOURTH SEPARATE DEFENSE

The Complaint is barred pursuant to the Doctrines of Estoppel, Laches and/or the Statute of Limitations, Waiver, res judicata, collateral estoppel, equitable estoppel and judicial estoppel.

## FIFTH SEPARATE DEFENSE

The damage alleged was caused by another party and/or intervening party.

## SIXTH SEPARATE DEFENSE

There was no privity of contract between Plaintiff and Jay Entertainment since the contract at issue in this case was between Plaintiff and another party.

## SEVENTH SEPARATE DEFENSE

Jay Entertainment owed no duty to Plaintiff whether arising from contract, common law, statute, tort or otherwise.

## EIGHTH SEPARATE DEFENSE

Plaintiff did not reasonably rely upon any representations and/or failed to do its due diligence

## NINTH SEPARATE DEFENSE

Jay Entertainment did not receive any funds from Plaintiff and/or the property at issue in this adversary proceeding is not property of the Debtor's estate.

## TENTH SEPARATE DEFENSE

The claims are barred in whole or in part pursuant to the Doctrine of Unclean Hands and *In Pari Delicto* and/or the claims are barred for the reason that in the event that there were any acts or omissions (It is denied that there were any acts of omissions) any alleged acts and omissions, were occasioned as a result of the bad faith and omissions of Plaintiff.

## ELEVENTH SEPARATE DEFENSE

The counts set forth in the Amended Complaint are duplicative.

## TWELFTH SEPARATE DEFENSE

Jay Entertainment did not have actual or constructive knowledge of the UCC-1 filing or that there were any liens on any equipment.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff does not have a properly perfected security interest

## FOURTEENTH SEPARATE DEFENSE

The Complaint is barred in whole or in part by the terms and limitations contained in the documents and/or the statute of frauds and/or the fact any agreements are invalid and/or unenforceable and/or unconscionable in their formation, on their face or in their application.

## FIFTEENTH SEPARATE DEFENSE

The Plaintiff's claims were satisfied and/or released, in whole or in part.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff is barred from any recovery against any Defendant because the condition precedent for any agreements at issue were not fulfilled and/or the agreement was made without consideration

## SEVENTEENTH SEPARATE DEFENSE

The Plaintiff's claims are barred by the doctrines of frustration of purpose, impossibility of performance, impracticability of performance and mutual mistake.

## EIGHTEENTH SEPARATE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Debtor never had a property interest in the funds upon which the Plaintiff bases its claims and therefore could not have transferred an interest in the collateral.

## NINETEENTH SEPARATE DEFENSE

Jay Entertainment provided reasonably equivalent value in exchange for all or some of the alleged fraudulent transfers set forth in the Amended Complaint. Accordingly, the alleged fraudulent transfers are neither avoidable nor recoverable.

## TWENTIETH SEPARATE DEFENSE

The Debtor was solvent when property was abandoned and said transfers did not result in the Debtor becoming insolvent

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are barred for failure to identify, and/or the lack of the existence of, a creditor which could have avoided the alleged fraudulent transfers.

## TWENTY-SECOND SEPARATE DEFENSE

Jay Entertainment is entitled to setoff, recoupment, and or offsets from any recovery to which Plaintiff may be entitled, as a result of unpaid amounts due and owing to Jay Entertainment from Debtor.

## TWENTY-THIRD SEPARATE DEFENSE

This Court lacks the Constitutional authority to enter a final judgment in this adversary proceeding absent Jay Entertainment's consent. Jay Entertainment does not consent to this Court's entry of a final judgment in this adversary proceeding and demands a jury trial before the District Court. Consequently, the reference of this adversary proceeding to this Court should be withdrawn.

## RESERVATION OF RIGHTS

The Complaint contains vague allegations against Defendant, Jay Entertainment Corp. To the extent that any affirmative defenses are not asserted herein, Jay Entertainment Corp. reserves the right to assert such affirmative defenses as discovery continues.

## ANSWER TO ALL CROSS-CLAIMS

This Defendant, Jay Entertainment Corp., denies each and every allegation of any Cross-Claim which may be asserted against it by any party in this litigation.

**CROSSCLAIMS AGAINST DEFENDANTS,**
**IN SOOK STERLING AND MTK 38, INC. AND 9 EAST 38TH STREET REALTY, LLC**

**JURISDICTION**

1.      Subject matter jurisdiction is conferred upon this Court pursuant to FRCP 13 since these cross-claims arise out of the transaction or occurrence that is the subject matter of the original action

**FACTS COMMON TO ALL COUNTS**

2.      On April 8, 2019, Strategic Funding Source, Inc. filed a Complaint in the within adversarial proceeding against In Sook Sterling, MTK 38, Inc. and Jay Entertainment Corp.

3.      Plaintiff alleges that In Sook Sterling and MTK 38, Inc. improperly took a loan from Strategic Funding Source, Inc.

4.      Jay Entertainment merely leased the Space after MTK 38, Inc. left the space. Pursuant to the Surrender Notice, any items left by MTK 38, Inc. were considered "abandoned."

5.      Jay Entertainment leased the Space from 9 East 38th Street Realty, LLC.

6.      Jay Entertainment had no knowledge of any loan, UCC-1 filing or any lien on any portion of the Space it leased from 9 East 38th Street Realty, LLC.

7.      Jay Entertainment is completely separate from MTK 38, Inc. and In Sook Sterling is not a shareholder of Jay Entertainment.

8.      Jay Entertainment did not receive any funds from Plaintiff.

9.      Upon information and belief, all the funds from Plaintiff were received by In Sook Sterling.

10.      Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment, Jay Entertainment would be entitled to common law

contribution and indemnification from MTK 38, Inc., In Sook Sterling and 9 East 38th Street Realty, LLC.

11. Without admitting liablitity in any way, 9 East 38th Street Realty, LLC owe a duty based upon the lease to defend and indemnify Jay Entertainment for this case.

12. Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment, MTK 38, Inc., In Sook Sterling and/or 9 East 38th Street Realty, LLC would be unjustly enriched.

**FIRST COUNT**
**(Common Law Defense and Indemnification)**

13. Jay Entertainment repeats and realleges the allegations contained in the above counts of the Cross-Claims as if set forth fully herein.

14. Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment herein, its liability would be merely constructive, technical, imputed, secondary or vicarious and under such circumstances, Jay Entertainment would be entitled to indemnification from MTK 38, Inc., In Sook Sterling and 9 East 38thStreet Realty, LLC.

15. Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment, it must receive contribution from MTK 38, Inc., In Sook Sterling and 9 East 38th Street Realty, LLC.

**WHEREFORE**, Jay Entertainment demands Judgment against MTK 38, Inc., In Sook Sterling and 9 East 38th Street Realty, LLC for compensatory damages, consequential damages, attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## SECOND COUNT
### (Breach of Contract)
### (9 East 38th Street Realty, LLC),

16.     Jay Entertainment repeats and realleges the allegations contained in the above counts of the Cross-Claims as if set forth fully herein.

17.     On October 6, 2018, 9 East 38th Street Realty, LLC entered into a lease with Jay Entertainment to lease "[t]he building, fixtures, equipment and other improvements and appurtenances now located or hereafter erected, located or placed upon the land known as 9 East 38th Street, New York, New York" ("Lease").

18.     Pursuant to the terms of the Lease, among other things, 9 East 38th Street Realty, LLC there was a Quiet Enjoyment provision which indicates as follows: "Provided this Lease is in full force and effect and no Event of Default then exists, Tenant may peaceably and quietly enjoy the Premises without hindrance by Landlord or any person lawfully claiming through or under Landlord, subject to the terms and conditions of this Lease and to all Superior Leases and Mortgages."

19.     Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment herein, then 9 East 38th Street Realty, LLC is in breach of the Lease since, among other things, it was unable to lease "[t]he building, fixtures, equipment and other improvements and appurtenances now located or hereafter erected, located or placed upon the land known as 9 East 38th Street, New York, New York" since Plaintiff alleges that certain fixtures, equipment and other improvements are subject to a UCC-1 lien.

20.     Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment herein, then 9 East 38th Street Realty, LLC is in breach of the Lease since, among other things, Jay Entertainment is unable to peaceable and quietly enjoy the Premises which is an example of 9 East 38th Street Realty, LLC's breach of the Lease.

21.     Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment herein, its liability, 9 East 38th Street Realty, LLC is also required to defend and indemnify Jay Entertainment.

22.     Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against Jay Entertainment, it must receive contribution from 9 East 38th Street Realty, LLC based upon the terms of the Lease and/or any other agreements between Jay Entertainment and 9 East 38th Street Realty, LLC.

**WHEREFORE**, Jay Entertainment demands Judgment against 9 East 38th Street Realty, LLC for compensatory damages, consequential damages, attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

### THIRD COUNT
**(Unjust Enrichment)**

23.     Jay Entertainment repeats and realleges the allegations contained in the above counts of the Cross-Claims as if set forth fully herein.

24.     Plaintiff alleges that In Sook Sterling and MTK 38, Inc. improperly took a loan from Strategic Funding Source, Inc.

25.     Jay Entertainment did not receive any funds from Plaintiff.

26.     Jay Entertainment did not receive any physical or personal property from In Sook Sterling and MTK 38, Inc. that was purchased with Plaintiff's funds nor was any physical or personal property subject to any enforceable lien held by Plaintiff.

27.     Without admitting liability in any way whatsoever, in the event that Plaintiff recovers against this defendant herein, In Sook Sterling and MTK 38, Inc. would be unjustly enriched.

28.     In addition, Jay Entertainment leased Space from 9 East 38th Street Realty, LLC

29.     9 East 38th Street Realty, LLC did not disclose that there was a lien on any part of the Space to Jay Entertainment.

30.     9 East 38th Street Realty, LLC received rental payments from Jay Entertainment based upon the failure of 9 East 38th Street Realty, LLC to disclose any liens on the space.

31.     As a direct and proximate result of the foregoing unjust enrichment, Jay Entertainment has been and will continue to be damaged.

**WHEREFORE**, Jay Entertainment demands Judgment against In Sook Sterling, MTK 38, Inc. and 9 East 38th Street Realty, LLC for compensatory damages, consequential damages, attorney's fees, costs of suit, and/or any such other relief as the Court may deem just and proper.

## <u>REQUEST FOR JURY TRIAL</u>

To the extent allowable by applicable law, Jay Entertainment demands trial by jury pursuant to Fed. R. Civ. Proc. 38, made applicable here pursuant to Fed. R. Bankr. P. 9015.

Dated:  June 23, 2020

ARCHER & GREINER, P.C.
Attorneys for Defendant,
Jay Entertainment Corp.


By____*/s/ Michael S. Horn*_____
        Michael S. Horn
        630 Third Avenue, 7th Floor
        New York, NY  10017-6941
        Phone:  (212) 682-4940
        mhorn@archerlaw.com

218716539v1

31